## No. 30,698.

THE STATE OF KANSAS, *Appellee,* v. EMIL GIVENS, *Appellant.*

(16 P. 2d 500.)

Opinion filed December 10, 1932.

*Kenneth H. Foust,* of Iola, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *Frank O'Brien,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action where defendant was convicted of conveying arms into a county jail with intent thereby to facilitate the escape of a prisoner. He appeals.

One Leonard Hale was confined in the county jail of Bourbon county. He was awaiting trial for felony in federal court. Appel-

lant came in an automobile to see him. He asked permission of the sheriff to see Hale. The sheriff accompanied appellant into the jail and stayed with him while he talked to Hale. While they were in the jail the sheriff noticed a bulge in his hip pocket. After they left the jail the sheriff arrested appellant. A loaded revolver was found in his pocket. When arrested he stated, in reply to a question, that while the sheriff was getting his keys he wrapped the revolver in a handkerchief and put it back in his pocket. The evidence of the state disclosed facts about as they have been detailed here. At the close of the state's case the appellant filed what he termed a demurrer to the state's evidence. The overruling of this demurrer is urged as error.

There are several errors argued, but the conclusion we have reached as to the sufficiency of the evidence of the state makes it unnecessary to consider the others.

The statute for violation of which appellant was convicted is R. S. 21-726. It is as follows:

"Every person who shall convey into the penitentiary or any jail or other place of imprisonment, any disguised instrument, arms or other thing proper or useful to aid any prisoner in his escape, with intent thereby to facilitate the escape of any prisoner, lawfully committed to or detained in any such place of confinement and hard labor, for any felony whatever, whether such escape be effected or attempted or not, shall upon conviction be punished by imprisonment in the penitentiary for a term not exceeding ten years."

It will be noted that the arms must be carried into the jail with the intent to facilitate the escape of a prisoner. We have examined this record carefully and are unable to find any evidence whatever of such intent on the part of appellant. We, therefore, conclude that there was not sufficient evidence offered on behalf of the state to sustain the verdict.

The judgment of the district court is reversed with directions to discharge the defendant.